UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

  -vs-                                            Case Nos. 1:23-cr-00471-JB
                                                                      1:19-cr-00412-JB

**RASHAD ORTIZ,**

        **Defendant.**

## ORDER DENYING OPPOSED MOTION TO RECONSIDER ORDER OF DETENTION

**THIS MATTER** is before the Court on defendant Rashad Ortiz's Opposed Motion to Reconsider Order of Detention, filed on October 27, 2023.  Doc. 20.[1]  The government opposes Mr. Ortiz's motion.  Doc. 21.  For the following reasons, the Court DENIES the motion.

On April 11, 2023, a federal grand jury returned an indictment against Mr. Ortiz.  *See* Doc. 2.  Counts 1 and 2 accuse him of distributing 40 grams and more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); count 3 accuses him of distributing 400 grams and more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Doc. 2.  Mr. Ortiz was taken into federal custody on April 18, 2023.  *See* Doc. 5  The Court held a detention hearing on April 21, 2023, and ordered him detained.  *See* Docs. 12, 14.  The Court based its ruling on the presumption of detention that arose from the charges in the indictment, and that Mr. Ortiz had not introduced sufficient evidence to rebut the presumption.  Doc. 14 at 2.  In addition, the Court found that even if Mr. Ortiz had rebutted the presumption,

---

[1] All docket entries refer to case number 1:23-cr-00471-JB unless otherwise noted.  Mr. Ortiz filed the same motion in case number 1:19-cr-00412-JB (Doc. 87), and this order will serve to deny that motion as well.

other factors demonstrated by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community, and by a preponderance of evidence that no conditions would reasonably assure Mr. Ortiz's future appearance.  *See id.*  The Court based its decision on the fact that Mr. Ortiz is facing a minimum mandatory sentence of ten years if he is convicted, his prior criminal history, his participation in criminal activity while under supervision, his history of violence or use of weapons, his history of alcohol or substance abuse, a prior failure to appear, and prior violations of probation, parole, or supervised release.  *Id.* at 2–3.  The Court also noted,

> According to the pretrial services report, defendant was seen with a firearm outside his girlfriend's apartment.  When USMS went to arrest him, he barricaded himself inside the apartment and would not come out for 30 minutes.  After he eventually came out, the apartment was searched, and there were two firearms inside the apartment in addition to marijuana.  Defendant was on federal supervised release when he picked up the charges in the indictment and when he was arrested.

*Id.* at 3.

Mr. Ortiz now asks the Court to reconsider its order of detention or reopen the detention hearing because (1) he had an active warrant in a related state case that has since been dismissed, and (2) he has been accepted into an inpatient residential treatment program.  *See* Doc. 20 ¶¶ 5–8.  He asserts that "his substance abuse appears to be the underlying reason for his interactions with the criminal justice system," and that he suffers from "a variety of mental health disorders and has used illegal substances to self-medicate."  *Id.* ¶¶ 9, 10.

First, Mr. Ortiz has not given the Court a reason to reconsider its original detention order.  A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to reconsider are proper in criminal

cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Ortiz has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Ortiz, or that release is required to prevent manifest injustice. *See* Doc. 20.

 Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Ortiz] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Although Mr. Ortiz argues that he would benefit from an inpatient treatment program—which is no doubt true—he does not address his criminal history, which contains many troubling facts. Mr. Ortiz has been convicted of several offenses, including carrying a loaded firearm in a public place, possession of a controlled substance, driving while under the influence of liquor or drugs, possession of a firearm by a felon (related to an attempted murder charge), and the federal felony of being a felon in possession of a firearm (related to an aggravated assault with a deadly weapon charge). *See* Doc. 11 at 5–8. He has violated the terms of his probation or supervision multiple times. *See id.* He committed the offense alleged in this case while he was on federal supervised release. *See id.* at 7–8. Although Mr. Ortiz claims he "is not a violent person," Doc. 20 at 3, both of his felon in possession convictions related to him using guns to shoot or intimidate other people, *see* Doc. 11 at 6; Case No. 1:19-cr-11412-JB, Doc. 25, ¶¶ 9–14, 34. Mr. Ortiz also has been uncooperative with law enforcement and attempted to avoid arrest at least twice, most recently when he was arrested in this case. *See* Doc. 11 at 8; Case No. 1:19-cr-11412-JB, Doc. 25, ¶ 33.

This record convinces the Court by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Ortiz's appearance as required. Further, Mr. Ortiz's prior convictions for being a felon in possession of a firearm, his prior criminal history generally, and the allegation that there were firearms in his girlfriend's apartment where he barricaded himself before being arrested in this case demonstrates by clear and convincing evidence that Mr. Ortiz is a danger to the community.

**IT IS THEREFORE ORDERED** that defendant Rashad Ortiz's Opposed Motion to Reconsider Order of Detention (Doc. 20) is denied.

DATED this 14th day of November 2023

_____
Laura Fashing
United States Magistrate Judge